UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLENE O'GRADY,                     :
                                     :
         Plaintiff,                  :
                                     :
v.                                   :   CASE No. 8:06-CV-1641-T-24TGW
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of Social Security,     :
                                     :
         Defendant.                  :
_____  :

REPORT AND RECOMMENDATION

This cause came on for consideration upon the Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 22). Having considered the application, the defendant's response (Doc. 23), and the pertinent factors regarding an award of an attorney's fee under the Equal Access to Justice Act ("EAJA"), I recommend that the plaintiff's counsel be awarded $3,097.29 in an attorney's fee to be paid by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security income payments. Upon the request of the Commissioner of Social Security (Doc. 18), this matter was remanded to the Social Security Administration by order of this court dated April 11, 2007 (Doc. 19). Consequently, judgment was entered in favor of the

plaintiff (Doc. 20). The plaintiff then filed this application for an attorney's fee under the EAJA.

The EAJA requires a court to award an attorney's fee and costs to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of an attorney's fee in the amount of $3,097.29 (Doc. 22). The defendant has responded that it has no objection to the relief requested (Doc. 23).

There is no question that the plaintiff is a prevailing party. See <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of an attorney's fee would be unjust. Consequently, the plaintiff is entitled to an award of an attorney's fee.

The claim of 18.9 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $162.65 per hour for work performed in 2006, and $164.86 per hour for work performed in 2007. In light of the defendant's lack of objection to the plaintiff's requested attorney's fee, it is not necessary to reach the question of whether, if

contested, the requested cost of living adjustment is warranted. Accordingly, the plaintiff should be awarded an attorney's fee in the amount of $3,097.29.

I therefore recommend an award of $3,097.29 in an attorney's fee to be paid by the defendant pursuant to the EAJA.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE


DATE: May 10, 2007


### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).